## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

COLE ISAAC PHILLIPS,         )
                       )

        Petitioner,        )
                       )

v.                      )       **Case No. CIV-23-1182-F**
                       )

CASEY HAMILTON, Warden,    )
                       )

        Respondent.      )

## REPORT AND RECOMMENDATION

Petitioner Cole Isaac Phillips, proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition") challenging his state court conviction and sentence in Case No. CF-2020-64, District Court of Custer County, Oklahoma. Doc. 1. United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Respondent filed a Response and the state court record, and Petitioner filed a Reply. Docs. 14, 16, 17. Petitioner also filed a Motion to Compel Judgment Pursuant to Federal Rule of Civil Procedure, Rule 12(c) ("Motion to Compel Judgment") to prompt this Court's ruling. Doc. 18. For the reasons set forth below, the undersigned recommends that the Court **DENY** both the Petition and the Motion to Compel Judgment.

## I.    Relevant Procedural History

Petitioner was convicted of first-degree heat of passion manslaughter in a bench trial in Custer County, Oklahoma. Doc. 14-1 at 1. He was sentenced to fifty years' imprisonment, with all but the first twenty years suspended. *Id*. Petitioner filed a direct

appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction and sentence on November 3, 2022. Docs. 14-1, 14-2.

On January 23, 2023, Petitioner filed a motion to dismiss with the District Court of Custer County ("January 2023 Motion"). Doc. 14-17. In the motion, Petitioner argued the state court lacked subject-matter jurisdiction because he was Native American and the crime occurred in Indian country. *Id.* at 1-2. On January 26, 2023, the trial court denied Petitioner's motion. Doc. 14-18. Petitioner did not appeal the trial court's decision on his jurisdictional challenge. Petition at 5.

Later, on March 6, 2023, Petitioner filed an application for post-conviction relief ("March 2023 Application"). Doc. 14-19. He again challenged the trial court's subject-matter jurisdiction; he also raised several other challenges to his state conviction and sentence. *Id.* at 3-23. The trial court denied the application on May 11, 2023, and Petitioner appealed to the OCCA. Docs. 14-20, 14-22. On October 13, 2023, the OCCA denied relief on procedural grounds. Doc. 14-21. The OCCA ruled that Petitioner had earlier sought post-conviction relief in the trial court with his January 2023 Motion and "did not initiate a timely appeal" of the trial court's order denying relief. *Id.* at 1-2. The OCCA further held:

> Petitioner's propositions of error either were or could have been raised in his previous application for post-conviction relief, and are thus barred by res judicata or waived. He has not established any sufficient reason for not asserting or inadequately raising his current grounds for relief in his previous application for post-conviction relief.

*Id.* at 3 (citations omitted).

On December 26, 2023, Petitioner filed his Petition in this Court, asserting four

grounds for relief.  Petition at 5-10.  In Ground One, Petitioner argues that Oklahoma lacked subject-matter jurisdiction to convict and sentence him because he is Native American and the crime occurred on Indian land.  In Ground Two, Petitioner asserts that he received ineffective assistance of trial counsel when counsel failed to object to prejudicial testimony at sentencing and ineffective assistance of appellate counsel when counsel failed to assert the claim.  In Ground Three, Petitioner claims his rights to due process were violated when the trial judge relied on an incorrect factual determination. And in Ground Four, Petitioner alleges that the OCCA purposefully misconstrued his January 2023 Motion as an application for post-conviction relief.

## II.     <u>Standard of Review</u>

Where the state court adjudicated a claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") significantly limits a federal habeas court's review of that claim.  28 U.S.C. § 2254; *Brown v. Davenport*, 596 U.S. 118, 125 (2022).  The habeas court may grant habeas relief only if the petitioner can establish that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C § 2254(d)(1)-(2).

AEDPA also codifies the exhaustion doctrine.  To advance the principle of comity, AEDPA requires the federal habeas court to consider whether the petitioner previously presented his grounds for relief to the OCCA.  28 U.S.C. § 2254(b)(1); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[T]he States should have the first opportunity to

address and correct alleged violations of state prisoner's federal rights.").  AEDPA also provides that habeas relief shall not be granted unless the remedies available in state court have been exhausted.[1]  28 U.S.C. § 2254(b)(1)(A).  In addition to exhaustion, a federal habeas court must examine the state court's resolution of the presented claim.  "[F]ederal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'"  *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman*, 501 U.S. at 729).  This doctrine bars federal habeas relief when a petitioner failed to comply with relevant state procedural rules, as "the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."  *Id.*; *see also Coleman*, 501 U.S. at 729-30.

Finally, with federal habeas review, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will not, however, provide a petitioner with arguments or act as his advocate.  *See id.*

**III.**  **Analysis**

This Court may not review habeas claims that arise only under state law or that have been procedurally defaulted.  Those reasons preclude review of Petitioner's claims here.

---

[1] There are two narrow exceptions to the exhaustion requirement, though neither is relevant here.  A petitioner is not required to exhaust his state court remedies when there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect" the petitioner's rights.  28 U.S.C. § 2254(b)(1)(B).

A.     **Petitioner's Ground Four:  Federal habeas relief is not available for his claim that the OCCA mischaracterized his January 2023 Motion.**

It is helpful conceptually to start with Ground Four and Petitioner's principal complaint—that the OCCA erred in treating his January 2023 Motion as an application for post-conviction relief.  He contends the OCCA "purposefully misconstrued a motion to dismiss as an application for post-conviction relief," which he argues was an abuse of power, an abuse of discretion, and fraudulent.  Petition at 9.

Petitioner's claim, however, implicates only the OCCA's application of state law. In his January 2023 Motion, Petitioner challenged his conviction and sentence, and the trial court denied his motion on the merits.  Under Oklahoma law, "[a]ny person who has been convicted of, or sentenced for, a crime and who claims . . . that the court was without jurisdiction to impose sentence . . . may institute a proceeding under the Post-Conviction Procedure Act[.]"  Okla. Stat. tit. 22, § 1080.  This act requires trial courts to "take account of substance, regardless of defects of form," when considering filings that challenge a conviction and sentence.  *Id.* § 1083(a); *see Nicholson v. Stitt*, 508 P.3d 442, 446 (Okla. 2022) (citing Okla. Stat. tit. 22, § 1080 and explaining, in the context of prisoners' claims of lack of subject-matter jurisdiction, that "[a] final judgment and sentence can only be vacated through a timely appeal or by seeking post-conviction relief under the Post-Conviction Procedure Act"); *Houghton v. City of Wewok*a, 753 P.2d 933, 935 (Okla. Crim. App. 1988) (citing Okla. Stat. tit. 22, § 1083(a) and ruling a municipal court "would have been correct" to treat a prisoner's motion for resentencing as an application for post-conviction relief), *overruled in part on other grounds by Blades v. State*, 107 P.3d 607, 608

5

(Okla. Crim. App. 2005). As such, the question of whether the OCCA properly construed the January 2023 Motion as an application for post-conviction relief is answered only by looking at Oklahoma state law and does not require consideration of federal law.[2]

Petitioner's Ground Four claim fails because federal habeas relief is not available for challenges related only to a state court's application of its own post-conviction law. "[F]ederal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Instead, relief under AEDPA may only be granted for claims that arise under federal law. *See, e.g.*, 28 U.S.C. § 2254(d)(1) (obliging federal courts to defer to a state court adjudication "unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court of the United States" (emphasis added)). The undersigned recommends that the Court deny relief as to Petitioner's Ground Four.[3]

---

[2] Petitioner's argument that, under the doctrine of law of the case, the OCCA was bound by the trial court's treatment of the January 2023 Motion does not alter the conclusion that Petitioner's claim arises only under state law. *See* Reply at 2-3.

[3] In considering whether Ground Four could be liberally construed as an argument arising under federal law, the undersigned has considered whether Petitioner presented argument that his constitutional due process rights were violated by Oklahoma's post-conviction process. *See* Petition at 9-10. But "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009); *accord Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (holding that post-conviction relief procedures are constitutional if they "comport[] with fundamental fairness"). Petitioner has not shown the OCCA's characterization of the January 2023 Motion transgressed fundamental fairness.

6

**B.**    **Petitioner's Grounds One, Two, and Three:  His remaining claims are procedurally barred from this Court's review.**

Petitioner presented Ground One (that the state lacked subject-matter jurisdiction) in both his January 2023 Motion and his March 2023 Application.  When the trial court denied the January 2023 Motion, Petitioner did not appeal the ruling.  When the OCCA considered the subject-matter jurisdiction claim in Petitioner's appeal of his March 2023 Application, the OCCA denied review under the doctrine of res judicata.  Doc. 14-21 at 2-3.  The OCCA also held that, in failing to timely appeal the trial court's denial of the January 2023 Motion, Petitioner waived his right to do so under the court rules.  *Id.*; Rules of the Oklahoma Court of Criminal Appeals, Rule 5.2(C)(1).  The OCCA made clear that Petitioner could have raised his jurisdictional claim before the OCCA by appealing the denial of the January 2023 Motion, but he did not.

In his March 2023 Application, Petitioner presented Grounds Two and Three (that he received ineffective assistance of counsel and that his rights to due process were violated), as well as Ground One again, both to the trial court and to the OCCA on appeal.  Docs. 14-19, 14-22.  The OCCA, however, determined that Petitioner had previously sought post-conviction relief through his January 2023 Motion, thus rendering the January 2023 Motion a "previous application for post-conviction relief" and the March 2023 Application a "subsequent post-conviction proceeding."  Doc. 14-21 at 2-3.  The OCCA also ruled Grounds Two and Three could have been raised in the January 2023 Motion.  *Id.* at 2 ("Petitioner's propositions of error either were or could have been raised in his previous application for post-conviction relief, and are thus barred by res judicata or waived.").

7

Consequently, the OCCA ruled it was procedurally barred from reviewing Petitioner's appeal of his March 2023 Application. *Id.* at 3 (citing Okla. Stat. tit. 22, § 1086).

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). When the prisoner fails to do so and the state court dismisses the claim on that basis, the claim is procedurally defaulted. *Id.* The doctrine of procedural default prohibits a federal court from considering a specific habeas claim that was resolved on an independent and adequate state procedural ground, unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). "A state court finding of procedural default is independent if it is separate and distinct from federal law." *Maes*, 46 F.3d at 985. A finding of procedural default is adequate if it has been applied "evenhandedly in the vast majority of cases." *Id*. at 986 (internal quotation marks omitted).

Applying these principles here, Petitioner's Grounds One, Two and Three are procedurally barred from this Court's review. The OCCA's procedural bars as applied to these claims were independent because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." *Id.* at 985; *see also* Rules of the Oklahoma Court of Criminal Appeals, Rule 5.2(C); Okla. Stat. tit. 22, § 1086. The Tenth Circuit has consistently found Oklahoma's waiver law to be an independent and adequate state procedural ground when the OCCA refuses to consider post-conviction

claims that could have been raised on direct appeal or in a previous post-conviction proceeding. *See, e.g., Fontenot v. Crow*, 4 F.4th 982, 1023-24 (10th Cir. 2021) (holding waiver rule under Post-Conviction Procedure Act is independent and adequate state ground for procedural default); *Johnson v. Champion*, 288 F.3d 1215, 1226 n.3 (10th Cir. 2002) (holding Rule 5.2(C) is independent and adequate state ground for procedural default).

Because Petitioner's claims were defaulted in state court on independent and adequate state procedural grounds, this Court may not address them unless Petitioner can establish cause and actual prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749-50. The undersigned has reviewed Petitioner's challenge to the OCCA's characterization of his January 2023 Motion and liberally construes it as an argument for cause to overcome the procedural default. *See* Petition at 9-10; Reply at 2-4, 7. Any argument for cause by Petitioner fails. With his January 2023 Motion, Petitioner chose to assert only his jurisdictional claim and to forgo other claims for post-conviction relief. To establish cause, Petitioner must establish that "something *external* to the petitioner, something that cannot fairly be attributed to him" impeded his efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753. Petitioner's own filing decisions are fairly attributed to him, and he provides no evidence of external factors that impacted his compliance with Oklahoma court rules. Petitioner has not shown cause for his procedural default. Nor has he attempted to show a fundamental miscarriage of justice. Accordingly, Petitioner is not entitled to habeas corpus relief on Grounds One, Two, or Three. The undersigned recommends that the Court deny relief on these claims.

**IV.** **Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition and **DENY AS MOOT** the Motion to Compel Judgment.  Docs. 1, 18.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of this Court by September 16, 2024.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 26th day of August, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE