IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLE ISAAC PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case No. CIV-23-1182-F |
| ) | |
| CASEY HAMILTON, Warden, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Petitioner Cole Isaac Phillips, a state prisoner appearing *pro se*, filed a petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus. On December 27, 2023, the matter was referred to United States Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636. Doc. no. 4. Subsequently, on August 5, 2024, the referral was transferred by Magistrate Judge Mitchell to United States Magistrate Judge Chris M. Stephens. Doc. no. 19. On August 26, 2024, Magistrate Judge Stephens issued a Report and Recommendation (the Report, doc. no. 20), recommending the habeas petition be denied. He also recommended Petitioner's Motion to Compel Judgment Pursuant to Federal Rule of Civil Procedure, Rule 12(c) (doc. no. 18) be denied as moot.

The court is in receipt of petitioner's timely objection to the Report. Doc. no. 23. Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so, the court concurs with the cogent analysis of the Report. The court finds no need to repeat that analysis. The court finds petitioner's

arguments to be without merit or immaterial.[1]  The court finds petitioner is not entitled to an evidentiary hearing.  Therefore, the court accepts, adopts, and affirms the Report in its entirety.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.  A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the court denies a habeas petition on the merits, a certificate of appealability may issue only when the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); *see also*, Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (the deferential treatment of state court decisions must be incorporated into the consideration of a certificate of

---

[1] In his objection, petitioner argues the Report does not "mention" his objection (doc. no. 13) to respondent's motion for extension of time to respond to the habeas petition and to Magistrate Judge Mitchell's order granting respondent's motion.  Doc. no. 23, ECF pp. 1-2.  Although the Report does not address petitioner's objection, the court finds such failure does not warrant petitioner any relief.

Pursuant to LCvR1.2(c), Magistrate Judge Mitchell had discretion to waive the requirement in LCvR7.1(h) that a motion for extension of time state whether the "party agrees or objects to the requested extension[,]" particularly when, as here, the party is incarcerated.  Magistrate Judge Mitchell acknowledged in her order that petitioner was not contacted because he was incarcerated.  Further, the Federal Rules of Civil Procedure allow an extension of time "for good cause." Rule 6(b)(1), Fed. R. Civ. P.  Respondent's motion, which was filed before the responsive pleading was due, established good cause for the requested extension.  And, "district courts should normally grant extension requests, in the absence of bad faith by the requesting party or prejudice to another party."  Rachel v. Troutt, 820 F.3d 390, 394 (10th Cir. 2016).  Nothing in the record supports a finding of bad faith by respondent or prejudice to petitioner.  Respondent's motion was his first request for an extension of time to file a responsive pleading, and it only requested a 30-day extension of time.  Finally, 28 U.S.C. § 636(b)(1)(A) allows a district judge to reconsider a pretrial matter where it is shown that a magistrate judge's order is clearly erroneous or contrary to law. Petitioner's objection does not make such a showing.

appealability).  When the court denies a habeas corpus petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability may issue only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

Upon review, the court concludes petitioner cannot make the required showing for the issuance of a certificate of appealability.  Consequently, the court finds a certificate of appealability should be denied.

Accordingly, the Report (doc. no. 20) issued by United States Magistrate Judge Chris M. Stephens is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**.  Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. no. 1) is **DENIED**.  Petitioner's Motion to Compel Judgment Pursuant to Federal Rule of Civil Procedure, Rule 12(c) (doc. no. 18) is **DENIED** as **MOOT**.  A certificate of appealability is **DENIED**.   A separate judgment shall issue.

DATED this 23rd day of September, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-1182p002.docx